[Cite as *Reed v. N. Cent. Correctional Inst.*, 2010-Ohio-6621.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN REED

    Plaintiff

    v.

NORTH CENTRAL CORRECTIONAL INSTITUTION

    Defendant

Case No. 2010-04050-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) Plaintiff, John Reed, an inmate formerly incarcerated at defendant, North Central Correctional Institution (NCCI), alleged several items of his personal property were confiscated by NCCI staff on or about January 23, 2009 and subsequently destroyed without any authorization. Plaintiff explained the alleged confiscated property included two sets of Koss headphones, one CD player, one adapter, fifteen CDs, a box containing clothing, photographs, and a set of hair trimmers. Plaintiff filed this complaint seeking to recover $314.88, the estimated value of the above listed property items. Payment of the filing fee was waived. In his complaint, plaintiff submitted receipts for two sets of Koss headphones (dated March 23, 2009 and June 30, 2008), a CD player (dated March 19, 2008), and multiple clothing items (dated June 12, 2007). Plaintiff's damage claim of $314.88 reflects the purchase price of a CD player, one set of Koss headphones, and multiple clothing items received on or about June 12, 2007.

{¶ 2} 2) Defendant acknowledged NCCI staff confiscated a set of

headphones from plaintiff on January 12, 2009 and these headphones were subsequently destroyed as contraband. Defendant classified the headphones as contraband due to the fact "the headphones had been altered by the name and number being scratched off of them." On March 23, 2009, defendant issued plaintiff a "Conduct Report" for stealing which noted property items were confiscated from plaintiff and declared contraband due to a conclusion by NCCI personnel that the confiscated property consisted of stolen property owned by various inmates. No evidence was submitted to establish the disposition of the property confiscated from plaintiff's possession on March 23, 2009. Plaintiff was charged with stealing property incident to the March 23, 2009 "Conduct Report," but was found not guilty of the charge. Defendant issued another "Conduct Report" on March 24, 2009 charging plaintiff with possession of contraband. According to this "Conduct Report," a light owned by another inmate was confiscated from plaintiff's possession. Plaintiff pled guilty to the March 24, 2009 possession of contraband charge.

{¶ 3} 3) On April 10, 2009 plaintiff filed an "Inmate Property Theft/Loss Report" (theft report) reporting that multiple property items he owned had been stolen on or about March 26, 2009, during a period when he was housed in a segregation unit. Plaintiff asserted the following items had been stolen from his locker box: ten CDs, one blue sweat suit, one blue bath towel, one CD player, various food stuffs, one package of batteries, headphones, white tennis shoes, "whites," and personal hygiene items. None of the alleged stolen property was recovered. Defendant submitted a copy of plaintiff's property inventory compiled on June 2, 2009 incident to a transfer from NCCI. The following items relevant to this claim are listed: two sets of headphones (one set classified as contraband due to the fact the property had another inmate's name engraved on it), seven CDs, two towels, one washcloth, one pair of undershorts, six pairs of socks, one pair of sweat pants, one pair of gym shorts, and one pair of gym shoes. A subsequent inventory dated June 24, 2009 compiled after plaintiff was transferred to the Ross Correctional Institution (RCI) lists the following items relevant to this claim: a radio and headphones.

{¶ 4} 4) Plaintiff filed a response contending he owned property that was confiscated and destroyed without any authorization by defendant.

CONCLUSIONS OF LAW

{¶ 5} 1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 6} 2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7} 3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 4)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 9} 5)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 7)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} 8)    It has been previously held, an inmate plaintiff may recover the value of confiscated contraband property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab.*

& *Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358.

**{¶ 13}** 9)   The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particular persuasive in regard to the fact he was the rightful owner of any confiscated property.

**{¶ 14}** 10)   Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. Defendant cannot be held liable for contraband property that plaintiff has no right to possess. *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.

**{¶ 15}** 11)   An inmate plaintiff is barred from pursuing a claim for the loss of use of restricted property when such property is declared impermissible pursuant to departmental policy. *Zerla v. Dept. of Rehab. and Corr.* (2001), 2000-09849-AD.

**{¶ 16}** 12)   An inmate maintains no right of ownership in property which is impermissibly altered and therefore, has no right to recovery when the altered property is lost or destroyed. *Watley v. Ohio Department of Rehabilitation and Correction*, Ct. of Cl. No. 2005-05183-AD, jud, 2005-Ohio-4320; *Watson v. Ohio State Penitentiary*, Ct. of Cl. No. 2007-05229-AD, 2008-Ohio-2848.

**{¶ 17}** 13)   Evidence has shown some confiscated property was altered and consequently was considered impermissible. No recovery can be had for the loss or destruction of impermissible altered property. See *Kemp v. Ohio State Penitentiary*, Ct. of Cl. No. 2006-02587-AD, 2006-Ohio-7247.

**{¶ 18}** 14)   Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-

04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN REED

    Plaintiff

    v.

NORTH CENTRAL CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-04050-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:


John Reed, #538-582                      Gregory C. Trout, Chief Counsel
P.O. Box 45699                           Department of Rehabilitation
Lucasville, Ohio  45699                  and Correction
                                         770 West Broad Street
                                         Columbus, Ohio  43222


RDK/laa
8/31
Filed 10/7/10
Sent to S.C. reporter 1/21/11